IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RAMONA D. SAMPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 07-2021-JPO |
| | ) |
| ZANCANELLI MANAGEMENT | ) |
| CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF PLAINTIFF'S THIRD MOTION FOR
EXTENSION OF TIME TO COMPEL DISCOVERY FROM
DEFENDANT ZANCANELLI MANAGEMENT CORPORATION**

On December 10, 2007 the plaintiff served her third motion for extension of time to compel discovery from defendant Zancanelli Management Corporation ("Zancanelli"). The motion itself contains a brief discussion of the pertinent background and basis for the motion. This supplemental memorandum is intended to provide the Court with some additional background and supporting information for the motion.

Following the parties' service of their respective Fed.R.Civ.P. 26(a)(1) initial disclosures, and their later stipulated production of documents identified in the disclosures, the plaintiff served Zancanelli with her First Request for Discovery, consisting of interrogatories and requests for production of documents. On September 13, 2007 Zancanelli served comprehensive, voluminous objections to the First Request for Discovery.

For example, 29 interrogatories were served. Zancanelli objected to every interrogatory, and multiple objections were lodged against almost every interrogatory. Similarly, 43 requests for production were served and Zancanelli objected to every single request in an "objections" response that was 50 pages in length. Again, virtually every request was met with multiple objections.

The Scheduling Conference was conducted on June 21, 2007 and the Scheduling Order was filed the next day. The Scheduling Order contains the court's standard language that "[a]ny motion to compel discovery in compliance with D. Kan Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion."

When Zancanelli's discovery objections were served on September 13, 2007, it represented by letter that it was "working on the discovery and" hoped to provide formal answers/responses in the near future. When no answers/responses had been served by October 12, 2007, the plaintiff filed her first motion for extension of time to compel discovery from Zancanelli, which was unopposed. The motion sought a full 30-day period of time after service of Zancanelli's substantive answers/responses to move to compel. The court was reluctant to enter an open-ended extension, and instead extended the motion to compel deadline for 30 days or to November 13, 2007 (see Doc. No. 82).

As it turned out, Zancanelli first answered interrogatories by mail service on October 19, 2007. Its interrogatory answers were later supplemented by mail service on November 23 and 30, 2007.

After the case was underway and plaintiff's discovery to Zancanelli had been served, Zancanelli decided that it wanted protective order relief. All other parties cooperated with Zancanelli to develop and stipulate to a proposed protective order. The order was entered by the Court on November 7, 2007.

Zancanelli began substantively responding to plaintiff's first requests for production by mail service on October 25, 2007. Zancanelli supplemented these responses on November 14 and 23, 2007, after the protective order was entered. Additional documents were produced to plaintiff by mail service on November 30, 2007. As explained in plaintiff's motion, Zancanelli's discovery answers/responses served November 23, 2007 were not seen by plaintiff's counsel until Monday, November 26, 2007.

On November 13, 2007 the plaintiff filed her second motion to extend the motion to compel deadline. The court granted the motion and extended the deadline to December 7, 2007. When the second motion was filed, Zancanelli had not yet made its supplemental responses to plaintiff's requests for production on November 14, 23 and 30, 2007. These belated productions included multiple documents that the plaintiff regards as important discovery and evidence in this case.

One of the key discovery issues with Zancanelli has been the identification, and production of related documents, of "other similar incidents" before Ms. Sample's trip and fall on August 7, 2005 that is the subject matter of this action. When this litigation began, certain representatives of Zancanelli insisted that there were no other similar incidents.

By its supplemental interrogatory answers served November 30, 2007, and received by plaintiff's counsel on December 3, 2007, Zancanelli disclosed a prior incident that

3

appears to involve the identical dangerous condition alleged by the plaintiff in this case. Other documents produced in mid or late November, 2007 are suggestive of possibly two other prior incidents that may be supportive of the plaintiff's claim on many levels or fronts.

Throughout the plaintiff has diligently pursued its discovery from Zancanelli. For whatever reason, some of the most important such discovery has only recently been produced including key documents received on December 3, 2007, four days before the December 7, 2007 deadline.

The plaintiff is deserving of and entitled to a reasonable opportunity to review and assimilate the benefits of her discovery, and a reasonable opportunity to confer with opposing counsel to gain the full measure of her discovery. The December 7, 2007 deadline did not provide such an opportunity. Although a motion to extend the deadline should have been filed on December 7, 2007 and was not, the discovery issues that could potentially give rise to a legitimate motion to compel have all recently crystallized, i.e., within the two and one-half to three weeks immediately preceding December 7, 2007. The pending motion has merit and, in the interests of fairness, should be granted.

THE DICKERSON LAW GROUP

/s/ Stephen G. Dickerson
STEPHEN G. DICKERSON    KS #8510
1580 Mahaffie Circle
Olathe, Kansas 66062
913.393.2933
913.782.1490 [Fax]

ATTORNEY FOR PLAINTIFF

4

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the foregoing Plaintiff's Supplemental Memorandum in Support of Plaintiff's Third Motion for Extension of Time to Compel Discovery From Defendant Zancanelli Management Corporation was mailed by United States mail, postage prepaid, this 14th day of December, 2007 to:

Steven F. Coronado
Merry M. Tucker
Sherman Taff Bangert Thomas
& Coronado, P.C.
1100 Main Street, Suite 2890
Kansas City, MO 64105

ATTORNEYS FOR DEFENDANT
ZANCANELLI MANAGEMENT CORPORATION

and

Karen M. Virgilitto
10484 Marty
Overland Park, KS 66212

ATTORNEY FOR DEFENDANT
CARL TRIPP d/b/a TRIPP CONSTRUCTION

/s/ Stephen G. Dickerson
ATTORNEY FOR PLAINTIFF

5