IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RAMONA D. SAMPLE, ) </br> ) </br>         Plaintiff, ) </br> ) </br> v.                                                        ) </br> ) </br> ZANCANELLI MANAGEMENT      ) </br> CORPORATION, et al.,             ) </br> ) </br>         Defendants. ) | Case No. 07-2021-JPO |

**<u>ORDER</u>**

This "trip and fall" case comes before the court on the motion of the plaintiff, Ramona D. Sample, to compel defendant Zancanelli Management Corporation ("Zancanelli") to provide more complete answers to certain of plaintiff's interrogatories **(doc. 114)**. The motion has been fully briefed (*see* docs. 115, 120, and 121). For the reasons stated below, plaintiff's motion is granted in part and denied in part.

Plaintiff filed this case seeking to recover for injuries which are alleged to have been suffered on August 7, 2005 at a fast-food restaurant in Overland Park, Kansas owned by Zancanelli. Plaintiff claims that one or more exterior sidewalk sections had become displaced which created a tripping hazard along the joint between two abutting sidewalk sections.

Interrogatory No. 24 seeks the identification of and specific details related to any reports, notices, or complaints received by Zancanelli (or someone on its behalf) of a patron

or customer who tripped, slipped, or fell *on or around* the premises of *any* restaurant owned or operated by Zancanelli during the last *seven* years. Zancanelli objected to this interrogatory as overly broad and burdensome in that it seeks information for five and a half years prior to plaintiff's fall and two years afterward. Zancanelli further objected to the scope as overly broad and burdensome since it operated twenty-nine restaurants on the date of plaintiff's fall and currently operates forty-one restaurants in six states. Finally, Zancanelli objected to this interrogatory as containing the vague and ambiguous phrase "on or around the premises of the business." Despite these objections, plaintiff acknowledges that Zancanelli has supplemented its interrogatory answer to provide information as to two trip and fall incidents which have been reported to have occurred on the same restaurant sidewalk where plaintiff claims she fell, for the period after Zancanelli purchased the existing restaurant and began operating it in November 2003.

In the memorandum filed in support of plaintiff's motion (doc. 115), she asserts that she agreed to narrow the interrogatory to incidents involving a trip, slip, or fall on an *exterior sidewalk* or other accessibility route for the *five* years preceding plaintiff's trip and fall. It is important to keep in mind, however, that plaintiff still insists on the requested information not just for the restaurant in Overland Park where she was injured on August 7, 2005, but also for the twenty-eight other restaurants owned by Zancanelli as of that date. Plaintiff argues this information is relevant to Zancanelli's knowledge or awareness of the accessibility regulations or standards under the Americans With Disabilities Act ("ADA"),

42 U.S.C. § 12101 et seq., and also relevant to Zancanelli's compliance with ADA regulations and standards at its restaurants. Plaintiff also argues that the requested information is relevant to a claim for punitive damages.

Relevancy, of course, is broadly construed. Thus, at least as a general proposition, "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[1] "A request for discovery should be allowed 'unless *it is clear* that the information sought can have *no possible* bearing' on the claim or defense of a party."[2] "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[3] The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial."[4] "A party does not have to prove a *prima*

---

[1] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (citations omitted).

[2] *Id.* at 690 (emphasis in original) (citations omitted).

[3] *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003) (citations omitted).

[4] 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2008, at 99 (2d ed. 1994).

*facie* case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[5]

Despite the liberal definition of relevance for discovery purposes, the court finds that Interrogatory No. 24 is over broad in its scope and time period and thus, seeks information that would clearly be irrelevant.  As to plaintiff's claim that the information would be relevant to Zancanelli's knowledge or awareness of the ADA accessibility regulations or standards and its compliance, and to a possible punitive damages claim, the court notes that the fourth amended complaint (doc. 47) does not contain any specific allegations (or even a cursory reference) to plaintiff's trip and fall being caused by Zancanelli's violation of ADA regulations.  Nor does the fourth amended complaint make any claim for punitive damages.  As noted by Zancanelli, the deadline for filing motions to amend the pleadings in this case expired July 27, 2007 (*see also* doc. 20 at 10); despite many modifications to the scheduling order (*see, e.g.,* docs. 59 and 88), this deadline has never even been the subject of a requested extension.

Notably, as relates to the specific question of the allowable scope of discovery into prior claims in a straightforward premises liability case in which the landowner operates multiple premises, neither plaintiff nor Zancanelli has cited the court *any* reported precedent

---

[5] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

that is *directly* supportive of their respective positions.[6] As this is a simple case in which both sides are represented by excellent lawyers, the court declines to devote the resources necessary to conduct an exhaustive search of what reported precedent might be available to support plaintiff's discovery request or Zancanelli's objection. Regardless, if one were to follow plaintiff's lead here, it would effectively mean that, even if a fast food restaurant business operated as many as several thousand retail outlets across the United States, that would routinely implicate nationwide discovery, regardless of the specific configuration of the premises where the individual plaintiff fell and regardless of the circumstances under the particular fall occurred. This strikes the court as neither practical nor fair. In view of the foregoing, the court finds Zancanelli's supplemental answer to Interrogatory No. 24 is adequate.

Interrogatory No. 25 seeks the identification of and specific details related to reports, notices, or complaints received by Zancanelli that the physical condition of one of its business premises was in a dangerous, defective, or unsafe condition within the last seven years. As with Interrogatory No. 24, Zancanelli objected to this interrogatory as overly broad in its time period and scope. Zancanelli also objected to this interrogatory as containing the vague and ambiguous phrase "the physical condition of one of its business premises was in

---

[6] Zancanelli cites *McCoo v. Denny's, Inc.*, 192 F.R.D. 675 (D. Kan. 2000) (Waxse, Mag. J.). *McCoo* involved alleged racial discrimination in the service of African-American customers at a restaurant in Topeka, Kansas. The court sustained the defendant's objection to discovery about prior complaints of racial discrimination at another restaurant the defendant operated in Topeka. *Id*. at 687.

a dangerous, defective or unsafe condition." Again, notwithstanding its objections, Zancanelli claims that it has supplemented its answer providing plaintiff with notices of incidents, even beyond trips, slips, and falls, inside and outside the restaurant at issue for the period after Zancanelli purchased the existing restaurant and began operating it in November 2003.

For the reasons stated above, the court finds this interrogatory is over broad in its scope and time period and thus seeks information that would clearly be irrelevant. The court finds Zancanelli's supplemental answer to this interrogatory is adequate.

Interrogatory No. 26 seeks the identification of legal actions filed against Zancanelli for personal harm or death due to the physical conditions of any of its business premises for the preceding ten year period. Zancanelli objected to this interrogatory as overly broad and burdensome as it was not limited to any relevant time period and/or scope. Zancanelli also objected to this interrogatory as containing the vague and ambiguous phrase "physical condition of a business premises owned or operated by you in a dangerous, defective or unsafe condition." Zancanelli argues that it has advised plaintiff that during the time Scott Sullivan has been the chief financial officer of the company, since 2004, there have been five legal proceedings, not including plaintiff's case, with four of them involving employment related issues and the other involving a fall as a result of a wheelchair ramp at a different restaurant. However, there is no evidence that this information was ever provided to plaintiff in a sworn, supplemental answer by Zancanelli.

First, the court finds that Interrogatory No. 26 is over broad. However, it appears that Zancanelli can provide plaintiff with a list of the five legal proceeding filed against Zancanelli from its restaurants for the time period 2004-forward. While the court has serious doubts as to whether there will be any evidence relevant to this case in the four proceedings related to employment issues, the court nevertheless directs Zancanelli to provide a supplemental, sworn answer to plaintiff with the above-referenced list of legal proceedings and any other related information sought by this interrogatory, no later than **February 25, 2008**.

In consideration of the foregoing,

IT IS HEREBY ORDERED that plaintiff's motion to compel **(doc. 114)** is granted in part, and denied in part.

Dated this 20th day of February 2008, at Kansas City, Kansas.

> s/James P. O'Hara
> James P. O'Hara
> U.S. Magistrate Judge