IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAMONA D. SAMPLE,                    )
                                     )
                Plaintiff,           )
                                     )
v.                                   )     Case No. 07-2021-JPO
                                     )
ZANCANELLI MANAGEMENT                )
CORPORATION, et al.,                 )
                                     )
                Defendants.          )

## ORDER

This "trip and fall" case comes before the court on the motion (**doc. 122**) of the

defendant Zancanelli Management Corporation ("Zancanelli") for an order authorizing ex

parte communications with medical care providers who saw, examined, interacted with,

communicated with, and/or treated the plaintiff, Ramona D. Sample. Plaintiff has responded

(doc.125) and Zancanelli has replied (doc. 128).  The court is now ready to rule.

Plaintiff alleges that she was injured as the result of her tripping and falling on an

exterior sidewalk at a local fast food restaurant on August 7, 2005 in Overland Park, Kansas,

owned by Zancanelli.  Via the instant motion, Zancanelli seeks an order authorizing its

counsel to contact plaintiff's medical care providers, ex parte, regarding their care and

treatment of plaintiff for the injuries she claims to have sustained.  Despite numerous well-

reasoned decisions directly on point from this district,[1] plaintiff has filed a rather lengthy

---

[1] *Harris v. Whittington*, No. 06-1179, 2007 WL 164031, at *3 (D. Kan. Jan. 19,
2007); *Bustamante v. Central Kansas Medical Ctr.*, 2007 U.S. Dist. LEXIS 32399, at *2

response citing repeatedly to cases from various other jurisdictions, none of which the court finds persuasive.  Nevertheless, plaintiff's basic arguments are that the relief requested is not authorized by any federal or state rule or statute, violates the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and "embodies bad public policy."

As an analytical starting point, it is helpful to keep in mind that the Federal Rules of Civil Procedure are to be construed "to secure the just, speedy, and inexpensive determination of every action."[2]  Informal discovery is both expedient and less expensive than formal discovery, and therefore should be encouraged, not discouraged.[3]  "[B]oth parties should have unfettered access to fact witnesses."[4]  Fact witnesses, of course, may confer (or refuse to confer) with any party.[5]  Prohibiting ex parte communications with fact witnesses would give plaintiff's counsel unrestricted access to the witnesses while limiting defense counsel to taking a deposition that could be expensive, timely, and unnecessary.[6]

---

(D. Kan. 2007); *Hulse v. Suburban Mobile Home Supply Co.*, No. 06-1168, 2006 WL 2927519, at *1, 3 (D. Kan. Oct. 12, 2006); *Bohannon v. Baker*, No. 06-1033, 2006 WL 2927521, at *1 (D. Kan. Oct. 12, 2006); *McCloud v. Bd. of Dirs. of Geary Cmty. Hosp.*, No. 06-1002, 2006 WL 2375614, at *1-2 (D. Kan. Aug. 16, 2006); *G.A.S. v. Pratt Reg'l Med. Ctr., Inc.*, No. 05-1267, 2006 U.S. Dist. LEXIS 95416, at *6 (D. Kan. June 8, 2006).

[2]Fed. R. Civ. P. 1.

[3]*Bryant v. Hilst*, 136 F.R.D. 487, 492 (D. Kan. 1991).

[4]*Id.*

[5]*Id.*

[6]*See id.* at 491-92.

Although the court appreciates from strategic and tactical perspectives why skilled plaintiffs' lawyers would prefer to have exclusive informal access to treating physicians in personal injury cases, there is no persuasive legal support for that approach.

Plaintiff argues that ex parte communications with treating physicians or medical care providers are not authorized by any federal or Kansas rule or statute.  But again, the real issue is whether ex parte communications with treating physicians or medical care providers should be allowed unless the information disclosed is protected by either the physician-patient privilege or HIPAA.

Under Rule 501 of the Federal Rules of Evidence, privileges are determined under state law when state law supplies the rule of decision for an element of a claim or defense in a civil proceeding.  The parties here agree that the potential source of a physician-patient privilege is K.S.A. § 60-427.  Subsection (d) of that statute states: "[t]here is no privilege under [K.S.A. § 60-427] in an action in which the condition of the patient is an element or factor of the claim or defense of the patient."[7]  Where the medical condition of a patient is in issue, the issue is not waiver or partial waiver of the privilege.[8]  Under Kansas law, "there is simply no privilege available to the plaintiff."[9]

Plaintiff has put her medical condition in issue in this case.  Therefore, no physician-

---

[7]K.S.A. § 60-427(d); *State v. Campbell*, 500 P.2d 21, 33-34 (Kan. 1972).

[8]*Bryant*, 136 F.R.D. at 491.

[9]*Id.*

patient privilege exists in this action.  As such, none of plaintiff's medical information is protected by a physician-patient privilege.

Plaintiff next suggests that the Kansas physician-patient privilege is preempted by HIPAA, specifically, by 42 U.S.C. § 1320d-7(a)(1).[10]  However, because the court finds that Zancanelli has complied with HIPAA regulations, the court need not delve into plaintiff's preemption argument.

HIPAA and the rules promulgated pursuant to it impose rules and procedures on health care providers regarding the disclosure of medical information.[11]  Generally, covered entities cannot disclose protected health information.[12]  However, in judicial proceedings, a covered entity may disclose information "[i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order."[13]  Here, as earlier indicated, Zancanelli seeks an order of this court allowing plaintiff's treating physicians and medical care providers to disclose her health information.  Such an order of the court satisfies 45 C.F.R. § 164.512(e)(1)(i) and permits disclosure.

---

[10]HIPAA supersedes contrary state laws unless the state law is more stringent regarding the privacy of individually identifiable heath information.  42 U.S.C. § 1320d-7(a)(2)(B); 45 C.F.R. § 160.203(b).

[11]*See, e.g.*, 42 U.S.C. § 1320d-2(d); 45 C.F.R. § 164.500 *et seq.*

[12]45 C.F.R. § 164.502(a).

[13]45 C.F.R. § 164.512(e)(1)(i).

Plaintiff seeks additional safeguards, such as notice of the ex parte interviews. Without an order of the court, a covered entity may disclose health information in response to a "subpoena, discovery request, or other lawful process" if the individual who is the subject of the information has been given notice or if the party seeking the information has sought a qualified protective order.[14]   However, this is not necessary where, as in this case, a party has obtained a court order.  Zancanelli is therefore not required to give plaintiff notice of the interviews.

Information exchanged in an ex parte communication with plaintiff's treating physicians and medical care providers is not protected by a physician-patient privilege or HIPAA.  Further, as previously noted, judges in this district have consistently allowed ex parte discussions with the opposing party's treating physicians and other medical care providers–both before[15] and after HIPAA took effect.[16]  For this reason, the court also rejects plaintiff's public policy arguments.   Again, the cases from other jurisdictions cited by plaintiff in support of her contrary positions are neither persuasive nor on point.

Lastly, Zancanelli argues that it is entitled to recover its "expenses" (presumably, attorneys' fees) incurred in replying to plaintiff's extensive opposition, given the well-settled

---

[14]*Id.* § 164.512(e)(1)(ii).

[15]*See, e.g.*, *Watson v. Olathe Med. Ctr.*, No. 01-2382, 2002 WL 73395, at *2 (D. Kan. Jan. 8, 2002); *Lake v. Steeves*, 161 F.R.D. 441, 443 (D. Kan. 1994); *Bryant v. Hilst*, 136 F.R.D. 487, 489 (D. Kan. 1991).

[16]*See* cases cited *supra* note 1.

law of this district.  Zancanelli has not chosen not to favor the court with a citation to any statute, rule,  or case that would support an award of attorneys' fees under the record presented.  One could infer that the gist of Zancanelli's request is that plaintiff's opposition to the instant motion is frivolous as a matter of law and therefore runs afoul of Fed. R. Civ. P. 11.  But notably Zancanelli has not complied with the applicable procedure under Rule 11(c)(2).  In any event, the court understands that associations of plaintiffs' lawyers, *and* defense attorneys, often encourage their members to valiantly fight these kinds of turf battles, under the guise of showing their toughness or educating the court in shaping developing law. That is all fine and good.  But if done indiscriminately, it has the risk of endangering a precious commodity, i.e., a lawyer's credibility with the court.  Frankly, here it would have been much more effective and persuasive if plaintiff had dealt "head-on" with the virtual mountain of unfavorable precedent from this district and tried to argue why that precedent was either inapplicable or poorly reasoned.  The court, given the record presented, declines to make to award Zancanelli any attorneys' fees in connection with its motion.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.     Defendant Zancanelli's motion for order (**doc. 122**) allowing ex parte contacts with medical care providers is granted.

2.     Zancanelli's attorneys shall confer in good faith with plaintiff's counsel and then submit for the court's approval by **February 25, 2008**, a proposed order for inspection

and reproduction of plaintiff's medical records and protected health information, and permitting ex parte interviews with treating physicians and other medical care providers.

Dated this 21st day of February, 2008, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge